O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINNEY,<br><br>         Plaintiff,<br><br>        v.<br><br>THREE ARCH BAY COMMUNITY<br>SERVICES DISTRICT, ET AL.<br><br>         Defendant. | Case No. 17-CV-01693-RGK(JCx)<br><br>**ORDER** |

On December 11, 2017, plaintiff Charles Kinney, proceeding pro se, filed the instant motion entitled "Motion to Disqualify or Recuse 'Assigned' Judge Klausner Due to the Pending Appeal." <u>Charles Kinney v. Three Arch Bay Community Services District Et Al.</u>, No. 8:17-CV-01693-RGK, dkt. 39 ("Motion"). Plaintiff argues that Judge Klausner was improperly assigned to the instant action, contrary to General Order No. 14-03, and further contends that Judge Klausner and Magistrate Judge Chooljian are biased with respect to the instant action.

Local Rule 83-1.1 provides that all actions are assigned to individual judges in the manner provided by General Order. In turn, General Order No.16-05—which supersedes

-1-

General Order No. 14-03—provides that "[c]ivil cases not involving the United States as a party will be assigned to: (1) the Southern Division if 50% or more of the plaintiffs who reside in the district, or 50% or more of the defendants who reside in the district, reside in the Southern Division." G.O. § I.B.1.a.(1)(c). In order to balance the number of cases assigned to judicial officers, the General Order also provides a maximum number of cases allowed for random assignment from the Southern Division's General Civil Assignment Deck during a given period, and that when the number of cases assigned from the Deck is likely to exceed that maximum number, filings may instead be randomly assigned from the Western Division's General Civil Deck (commonly referred to as the "blackout rule"). Id. § I.B.1.a.(2). In addition, the General Order requires parties to filed a notice of related cases when a previously-filed civil case and a later-filed civil case: (1) arise from the same or closely related transaction, happening, or event; (2) call for determination of the same or substantially related or similar questions of law and fact; or (3) for other reasons would entail substantial duplication of labor if heard by different judges. Id. § II.I.1.b.

The instant action was originally assigned to Judge Selna and Magistrate Judge Scott on September 28, 2017. Dkt. 1. On November 9, 2017, defendants filed a notice of related case and request for stay, asserting that plaintiff's previous action before Judge Klausner, No. 8:16-CV-00796 (the "earlier action"), was against the same parties and alleged identical facts and claims. Dkt. 7. On November 13, 2017, plaintiff filed a "notice regarding a prior non-related 2016 case" and argued that the cases were unrelated. Dkt. 9. On November 17, 2017, the instant action was transferred to Judge Klausner and Magistrate Judge Chooljian as a related case to plaintiff's earlier action on the grounds that it arises from the same or closely related transaction, calls for a determination of the same or substantially related questions of law and fact, and would entail substantial duplication of labor if heard by different judges. Dkt. 16.

Nothing in the record supports plaintiff's assertion that the assignment rules were violated. The instant action was assigned to Judge Selna in the Southern Division—

where, according to plaintiff, all of the defendants reside or work— and was only transferred to Judge Klausner insofar as it was deemed to be a related case to plaintiff's earlier action, in accordance with General Order No.16-05 § II.I.1.b.

With respect to plaintiff's assertions that Judge Klausner should be recused because of any purported bias—such as his purported failure to "dislos[e] pertinent facts (e.g. how the assignments occurred)," see Motion at 4—plaintiff offers no basis to support his assertion. Here, the record reflects that the assignment occurred because the instant action was deemed a related case to plaintiff's earlier action, which was before Judge Klausner.

With respect to plaintiff's assertion that there are other bases for disqualification of Judge Klausner and Magistrate Judge Chooljian, 28 U.S.C. § 144 provides for disqualification of a judge whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Under 28 U.S.C. § 455, judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." Id. § 455(a). The substantive standard for disqualification is the same under both sections 144 and 455: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted). Here, plaintiff claims that Magistrate Judge Chooljian, in prior cases involving plaintiff, "ignored the exclusive federal jurisdiction of the U.S. Bankruptcy Court," and further asserts that Judge Klausner and Magistrate Judge Chooljian "have the power to change the status quo of the prior CWA case." Motion at 4–5. Plaintiff fails to explain how Magistrate Judge Chooljian ignored the exclusive federal jurisdiction of the Bankruptcy Court, and also fails to explain what the "status quo" is and how Judge Klausner or Magistrate Judge Chooljian may change it. Moreover, plaintiff fails to demonstrate the existence of an actual conflict or the appearance of impartiality.

Accordingly, the Court **DENIES** plaintiff's request to disqualify Judge Klausner and Magistrate Judge Chooljian.

**IT IS SO ORDERED.**

DATED:  December 14, 2017

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE