**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES G. KINNEY, | No. 18-56550 |
| Plaintiff-Appellant, | D.C. No. 8:17-cv-01693-RGK-JC |
| v. | |
| THREE ARCH BAY COMMUNITY SERVICES DISTRICT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Charles G. Kinney appeals pro se from the district court's judgment dismissing his action alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1365. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Kinney's request for oral argument, set forth in the opening brief, is denied.

a dismissal for lack of subject matter jurisdiction under the CWA. *Wash. Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1353 (9th Cir. 1995) (dismissal for lack of subject matter jurisdiction under the CWA). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction Kinney's claims in the first amended complaint against defendants Three Arch Bay Community Services District, Three Arch Bay Association, City of Laguna Beach, and California Department of Transportation. Dismissal of Kinney's claims in the complaint against defendants Viviani, John Chaldu, and Lynn Chaldu was also proper because Kinney failed to provide defendants with adequate notice of the alleged CWA violations. *See* 40 C.F.R. § 135.3 (notice under CWA must provide sufficient information to permit recipient to identify violation); *Wash. Trout*, 45 F.3d at 1354-55 (affirming dismissal of CWA action for lack of subject matter jurisdiction where notice was "insufficient as required by the regulations promulgated under the CWA").

The district court did not abuse its discretion by dismissing the first amended complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave

to amend is proper when amendment would be futile).

The district court did not abuse its discretion by declaring Kinney a vexatious litigant and entering a pre-filing review order against him because all of the requirements for entering a pre-filing review order were met.  *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (setting forth requirements for pre-filing review orders).

The district court did not abuse its discretion by transferring the case to Judge Klausner in the Western Division of the U.S. District Court for the Central District of California.  *See* 28 U.S.C. § 1404(b) (intradistrict transfer between divisions is within the discretion of the district court); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**